IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| SGT. MORRIS J. CLARINGTON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-054 |
| | ) | |
| PATRICIA LUMPKIN, Chief Counselor; | ) | |
| MRS. BRAGGS, Counselor; | ) | |
| CAPTAIN PAULA DUNKIN; | ) | |
| JOHN DOE(S), CERT Team, | ) | |
| Johnson State Prison; | ) | |
| and JOHNSON STATE PRISON, | ) | |
| Administration Department, | ) | |
| | ) | |
| Defendants.[1] | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate presently incarcerated at Johnson State Prison in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983.[2] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice.

---

[1] The Clerk is **DIRECTED** to modify the docket in accordance with the caption of this Report and Recommendation, which is consistent with the complaint. (See doc. no. 1, pp. 1, 4.)

[2] Plaintiff initiated this case in the Middle District of Georgia, but it was transferred to this District because the alleged events occurred at Johnson State Prison. (See doc. nos. 5, 6.)

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Section 1915(g) is constitutional because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least five cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Clarington v. Wilcox State Prison, 5:13-cv-00012 (M.D. Ga. Apr. 24, 2013) (dismissed for abuse of judicial process and failure to comply with a court order); (2) Clarington v. Chatman, 5:12-cv-00035 (M.D. Ga. Apr. 20, 2012) (dismissed for failure to comply with a court order); (3) Clarington v. Walker, 5:12-cv-00037 (M.D. Ga. Apr. 20,

2012) (dismissed for failure to comply with a court order); (4) Clarington v. Walker, 5:12-cv-00038 (M.D. Ga. Mar. 8, 2012) (dismissed for failure to comply with a court order); (5) Clarington v. Hayes, 5:07-cv-00388 (M.D. Ga. Aug. 14, 2008) (dismissed for failure to comply with a court order).

A dismissal for failure to comply with a court order qualifies as a strike under § 1915(g). See Rivera, 144 F.3d at 731 (a case dismissed as an "abuse of the judicial process" counts as a strike under § 1915(g)); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993) (holding that failure to comply with court orders is an "abuse of the judicial process"). Because he has at least three strikes under § 1915(g), Plaintiff cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time he commenced this case. Plaintiff alleges only that Defendants will not transfer him to another facility even though he was previously beaten by purported gang members at Johnson State Prison. (See doc. no. 1, p. 5.) Instead, Plaintiff states that he remains in lockdown at Johnson State Prison. (Id.) Because Plaintiff was in lockdown when he filed this suit and therefore not in imminent danger of another attack from these gang members, he fails to demonstrate that he should be excused from paying the full

filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule. Medberrry, 185 F.3d at 1193.

## C. Dishonesty in Complaint

The form complaint that Plaintiff used to commence this case, "Questionnaire for the Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 2-3.) Here, Plaintiff indicated he had never previously filed a lawsuit in federal court. (Id.) However, in addition to the five cases discussed above, the Court is aware of at least nine other § 1983 cases that Plaintiff previously filed in federal court. See Clarington v. Food Service, 5:12-cv-00086 (S.D. Ga. Oct. 24, 2012); Clarington v. Burnette, 5:12-cv-00008 (S.D. Ga. Oct. 22, 2012); Clarington v. Coffee Correctional Facility, 5:12-cv-02824 (N.D. Ga. Apr. 11, 2012); Clarington v. Chatman, 6:12-cv-00013 (S.D. Ga. Mar. 22, 2012); Clarington v. Chatman, 6:11-cv-00068 (S.D. Ga. Aug. 24, 2011); Clarington v. Paul, 6:11-cv-00063 (S.D. Ga. Aug. 23, 2011); Clarington v. Tyson, 7:08-cv-00088 (M.D. Ga. Sept. 17, 2008); Clarington v. Tyson, 1:08-cv-01920 (N.D. Ga. June 27, 2008); Clarington v. Turner, 1:08-cv-01921 (N.D. Ga. June 27, 2008).

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a

4

sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted); see also Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044, 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Thus, because Plaintiff provided false information about his prior filing history in his complaint, this provides another basis for dismissal of this case.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 3rd day of July, 2014, at Augusta, Georgia.

/s/ Brian K. Epps
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA